**Nikoll DELAJ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE; John Ashcroft, Attorney General, Respondents.**

No. 02–3797, A70 829 892.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Shelley Goad, Linda S. Wendtland, Allen W. Hausman, James A. Hunolt, Washington, DC, for Respondents.

Before CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

## ORDER

Nikoll Delaj, a native and citizen of Albania, petitions for review of a decision of the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) to deny Delaj's application for asylum and withholding of deportation. A show cause letter was sent to the parties advising them that the case would be referred to a panel of the court for disposition without oral argument pursuant to Rule 34, Rules of the Sixth Circuit, unless the parties objected. No objection having been received, the parties have waived oral argument.

Delaj entered the United States without inspection in May 1993 and applied for asylum in June 1994. The Immigration and Naturalization Service began deportation proceedings in October 1995. An IJ held a hearing in October 1998. In his testimony, application, and supplemental application, Delaj said that he and his family were persecuted by the government because of their religion, political views, and social group. Delaj was arrested and questioned when he protested against the former communist government. In 1988, he left Albania and went to Kosovo after the police detained him for three days. Delaj remained in Kosovo until he traveled to the United States in 1993. The IJ denied Delaj's claim for asylum and withholding of deportation and his request for voluntary departure. The IJ found that Delaj was not credible and had not established either past persecution or a well-founded fear of future persecution if he returned to Albania. The BIA affirmed the IJ's decision without opinion in June 2002, and Delaj filed a timely petition for review.

In his petition for review, Delaj argues that: (1) the BIA's failure to engage in meaningful review violates his Fifth Amendment due process rights; (2) the IJ and the BIA disregarded and/or distorted substantial evidence in support of Delaj's asylum application; (3) the IJ and the BIA abused their discretion in denying Delaj's asylum claim and/or withholding of deportation claim; and (4) the conduct of the hearing itself denied Delaj's right to a full and fair hearing under the Due Process Clause of the Fifth Amendment.

The transitional rules for judicial review under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply to this petition because the administrative proceeding was commenced before April 1, 1997, and the BIA's order was issued after October 31, 1996. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir. 1997). Under these rules, factual findings are reviewed under the substantial evidence standard. *Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004). When the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency order. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

■ Upon review, we conclude that the petition for review must be denied because the IJ's factual findings are supported by substantial evidence. The IJ first found that Delaj was not credible. The inconsistencies in Delaj's statements cast doubt on whether he or members of his family were ever arrested for political reasons, and went to the heart of his asylum claim. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

■ The IJ also found that Delaj had not established either past persecution or a well-founded fear of future persecution.

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

Delaj was unable to corroborate his claims that he was targeted because of his political beliefs, and the State Department reports and other articles support the IJ's conclusion that the political climate in Albania has changed substantially since Delaj left in 1993. Notably, the people supposedly responsible for his arrests were no longer in power at the time of Delaj's asylum hearing in 1998. Accordingly, Delaj did not have an objectively reasonable fear of persecution upon his return to Albania. *See Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). Finally, because Delaj did not establish eligibility for asylum, he cannot meet the more difficult standard required for withholding of deportation. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 431–32, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

Delaj's arguments on appeal are without merit. This court recently held that neither the BIA's streamlining procedures for reviewing appeals nor its practice of affirming IJ decisions without issuing an opinion violates an alien's rights to due process. *Denko,* 351 F.3d at 730. In addition, despite a contentious hearing, Delaj was afforded a fair opportunity to present his claims.

For the foregoing reasons, we deny the petition for review.